## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:13-CR-109-01** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **MARIA COLVARD** | : | |

### ORDER

AND NOW, this 5th day of June, 2015, upon consideration of the motion *in limine* (Doc. 179) to exclude evidence of plea agreement, plea discussions, and withdrawn guilty plea pursuant to Federal Rule of Evidence 410 filed by defendant Maria Colvard ("Colvard"), and the government's response (Doc. 182) concurring in part and opposing in part said motion, wherein the government concedes that it may not use evidence of Colvard's plea agreement, plea discussions, or withdrawn guilty plea in its case-in-chief against Colvard but argues that it may use such evidence to impeach Colvard pursuant to an exception to Rule 410, and the court noting that Rule 410 provides in relevant part that evidence of a later-withdrawn guilty plea, a statement made during a proceeding on such a plea, and a statement made during plea discussions with the government when the discussions resulted in a later-withdrawn guilty plea, generally are not admissible against the defendant who made the plea or participated in the discussions, see FED. R. EVID. 410(a), but that the court may admit statements made during plea-related proceedings or discussions that resulted in a later-withdrawn guilty plea "(1) in any proceeding in which another statement made during the same plea or plea discussions has been

introduced, if in fairness the statements ought to be considered together; or (2) in a criminal proceeding for perjury or false statement, if the defendant made the statement under oath, on the record, and with counsel present," id. § 410(b), and further noting that by memorandum and order dated February 18, 2015 (Docs. 149-150), the court granted Colvard's motion to withdraw the guilty plea that she entered on January 6, 2015, and the court observing that motions *in limine* are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions," Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990), but that the court may defer ruling on such motions when final resolution of the evidentiary issue is best reserved for a specific trial situation, see Walden v. Georgia-Pac. Corp., 126 F.3d 506, 518 n.10 (3d Cir. 1997); Johnson v. Fed. Express Corp., No. 1:12-CV-444, 2014 WL 805995, at *2 (M.D. Pa. Feb. 28, 2014), and it appearing that Colvard does not intend to reference any statements made in connection with plea-related proceedings or discussions (Doc. 180 at 3), but the court finding that under the circumstances the applicability of any exceptions to Rule 410 are best addressed in the context of trial, it is hereby ORDERED that:

1.  Defendant's motion *in limine* (Doc. 179) to exclude evidence of plea agreement, plea discussions, and withdrawn guilty plea is GRANTED in part and DEFERRED in part as follows:

    a.  The motion is GRANTED to the extent that it seeks to exclude such evidence from the government's case-in-chief.

    b.  The motion is DEFERRED with respect to the applicability of any exceptions to Federal Rule of Evidence 410.

2.  The government shall refrain from making any mention of or reference to
    the existence or content of the plea agreement, plea-related proceedings,
    plea-related discussions, and the withdrawn guilty plea in the presence of
    the jury, including in its opening statement, prior to a sidebar conference
    with the court at trial.  <u>See</u> FED. R. EVID. 410(a).


                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania